IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDGAR HENRY,
    Petitioner-Defendant,

v.                                                 Civil Action No. 1:13-cv-217
                                                 Criminal Action No. 1:08-cr-83-1
                                                 (Judge Keeley)

UNITED STATES OF AMERICA,
    Respondent-Plaintiff.

## REPORT AND RECOMMENDATION/OPINION

### I.    INTRODUCTION

On September 23, 2013, *pro se* Petitioner Edgar Henry ("Petitioner"), along with his co-defendant and wife Kimberley Henry, both former federal inmates[1] (collectively, "the Henrys") attempted to file a "joint 2255 appeal," i.e., a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, along with a motion for recusal, seeking to have the district judge who presided over their criminal prosecutions recused. (Civil Action No. 1:13-cv-217, Docket Nos. 1 and 2; Criminal Action No. 1:08-cr-83-2, Docket Nos. 219 and 220.) The Clerk of the Court docketed the motions in both Petitioner's and his wife's cases, and sent each a Notice of Deficiency, advising them to file their § 2255 motions on the Court-approved form. (Docket No. 225.)[2] Petitioner filed his Court-approved form on October 23, 2013. (Docket No. 231.) On November 4, 2014, Petitioner filed a motion requesting that his § 2255 motion be considered by the

---

[1] Petitioner and his wife are both currently serving four (4) years of supervised release; accordingly, they are still "in custody" for purposes of habeas relief. See Jones v. Cunningham, 371 U.S. 236, 243 (1963).

[2] From this point forward, unless otherwise noted, all docket entries refer to entries in Criminal Action No. 1:08-cr-83-1.

same magistrate handling his wife's § 2255 motion.[3] (Docket No. 237.)

On July 14, 2014, the undersigned entered an Order directing the Government to respond to Petitioner's motion. (Docket No. 248.) The Government filed its response on August 5, 2014. (Docket No. 250.) On August 29, 2014, United States District Judge Irene M. Keeley denied Petitioner's motion for recusal and transfer to Magistrate Judge Seibert. (Docket Nos. 254 and 255.) Petitioner filed a reply to the Government's response on October 1, 2014. (Docket No. 262.)

The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion.

## II. FACTS

### A. *First Conviction and Sentence*

On July 13, 2004, the undersigned issued a search warrant for thermal imaging of the Henrys' residence in Gilmer County, West Virginia, based upon the sworn affidavit of West Virginia State Police Trooper James M. Manning. ("Trooper Manning"). On July 16, 2004, after returning the executed warrant from the thermal imaging search, Trooper Manning applied for a conventional search warrant for the Henrys' residence. The undersigned issued the search warrant that same day. Trooper Manning returned the executed search warrant on July 21, 2004.

On November 3, 2004, the Grand Jury returned a three-count Indictment against the Henrys', charging them with Conspiracy to Manufacture, Distribute, and Possess With Intent to Distribute 100 or More Marijuana Plants; Aiding and Abetting in Manufacturing Marijuana; and Aiding and

---

[3] Petitioner's wife's motion was assigned to United States Magistrate Judge James E. Seibert.

2

Abetting Possession With Intent to Distribute Marijuana. (Criminal Action No. 1:04-cr-82, Docket No. 1.) The Grand Jury further charged that in committing the offense charged in the three (3) counts, the Henrys' conduct involved at least ten (10) but less than twenty (20) kilograms of marijuana. (Id. at 5.)

On November 19, 2004, retained counsel F. John Oshoway entered his appearance on behalf of both Petitioner and his wife. On December 10, 20014, the Henrys filed a Motion to Suppress all evidence seized incident to the execution of the search warrant. (Criminal Action No. 1:04-cr-82, Docket Nos. 13 and 14.) On December 15, 20014, the Government responded to the Henrys' motion and also moved for the Court to require the Henrys to show entitlement to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). (Criminal Action No. 1:04-cr-82, Docket No. 15.)

At a motions hearing on December 17, 2004, the undersigned orally ordered the Henrys to respond to the Government's motion regarding entitlement to a Franks hearing and continued proceedings on the suppression motion until January 3, 2005. On December 21, 2004, the undersigned entered an Order directing the Henrys to file a motion for a Franks hearing by December 21, 2004. (Criminal Action No. 1:04-cr-82, Docket Nos. 16 and 17.)

On December 28, 2004, the Henrys filed their motions with memoranda/offers of proof in support of a Franks hearing. (Criminal Action No. 1:04-cr-82, Docket Nos. 24 and 25.) The Government filed its response in opposition on December 31, 2004. (Criminal Action No. 1:04-cr-82, Docket No. 29.) The Government also filed notices of supplemental authority on January 31, 2005, and March 2, 2005. (Criminal Action No. 1:04-cr-82, Docket Nos. 33 and 35.)

The undersigned conducted a hearing on March 9, 2005, to address the Henrys' suppression motion and the Government's motion that the Henrys demonstrate their entitlement to a Franks

hearing. During the hearing, the parties' motions were fully litigated, and the Court heard testimony from Trooper Manning. On March 29, 2005, the undersigned entered a Report and Recommendation ("R&R"), recommending that the Government's motion for the Henrys to show entitlement to a Franks hearing be granted and that the Henrys' suppression motions and motions for a Franks hearing be denied. (Criminal Action No. 1:04-cr-82, Docket No. 37.) On April 6, 2005, the Government filed a response to the R&R, indicating that it had no objection. (Criminal Action No. 1:04-cr-82, Docket No. 42.)

On April 18, 2005, Judge Keeley entered an Order adopting the R&R in its entirety, denying the Henrys' suppression motions, and granting the Government's motion for them to show entitlement to a Franks hearing. (Criminal Action No. 1:04-cr-82, Docket No. 40.) On April 21, 2005, the Henrys sought leave to file untimely objections to the R&R; the United States did not object and Judge Keeley granted such leave on May 16, 2005. (Criminal Action No. 1:04-cr-82, Docket Nos. 41, 42, 43.) The Henrys filed joint objections on May 16, 2005. (Criminal Action No. 1:04-cr-82, Docket No. 44.) Two days later, Judge Keeley entered an Order affirming the R&R and overruling the Henrys' objections. (Criminal Action No. 1:04-cr-82, Docket No. 45.)

On May 19, 2005, Judge Keeley entered an Order scheduling trial to begin on June 7, 2005. (Criminal Action No. 1:04-cr-82, Docket No. 46.) On June 7, 2005, the Henrys filed a motion to continue the trial. (Criminal Action No. 1:04-cr-82, Docket No. 57.) Judge Keeley granted that motion the same day. (Criminal Action No. 1:04-cr-82, Docket No. 58.) On March 31, 2006, Judge Keeley entered a Scheduling Order setting trial to begin on July 5, 2006. (Criminal Action No. 1:04-cr-82, Docket No. 61.)

On June 30, 2006, the Henrys filed a motion to dismiss for violation of speedy trial rights.

4

(Criminal Action No. 1:04-cr-82, Docket Nos. 68, 69, 70, 71.) The Government filed its response in opposition that same day. (Criminal Action No. 1:04-cr-82, Docket No. 75.) On July 5, 2006, before the Court had an opportunity to rule on the motions to dismiss, the Henrys each signed plea agreements. In those agreements, they agreed to enter conditional guilty pleas to Count One, but reserved their rights to appeal the denial of their motions to suppress; the denial of their motions to dismiss for speedy trial violation; and the issue of whether 100 or more marijuana plaints could be attributed to them as relevant conduct. (Criminal Action No. 1:04-cr-82, Docket Nos. 82 and 83.) The Henrys entered their pleas before Judge Keeley at a Rule 11 hearing held that same day; their motions to dismiss were argued as well. In an oral order, Judge Keeley denied their motions to dismiss. (Criminal Action No. 1:04-cr-82, Docket Nos. 98, 99, 114.)

On July 28, 2006, Mr. Oshoway, the Henrys' retained counsel, moved to withdraw. (Criminal Action No. 1:04-cr-82, Docket No. 107.) Judge Keeley granted that motion by Order entered August 1, 2006. (Criminal Action No. 1:04-cr-82, Docket No. 109.) On August 29, 2006, Federal Public Defender Brian Kornbrath was appointed to represent Kimberley Henry; Petitioner continued on *pro se*. (Criminal Action No. 1:04-cr-82, Docket No. 119.)

Sentencing began on December 8, 2006; was continued until December 12, 2006; and was completed on April 23, 2007. The Henrys were each sentenced to a term of sixty (60) months' imprisonment to be followed by four (4) years of supervised release. (Criminal Action No. 1:04-cr-82, Docket Nos. 156 and 158.)

B.  *First Direct Appeal*

On June 7, 2007, Petitioner, proceeding *pro se*, filed a notice of appeal. (Criminal Action No. 1:04-cr-82-1, Docket No. 162.) The Fourth Circuit consolidated his appeal with his wife's. On

appeal, they raised three issues: (1) whether the District Court erred in denying their motions to dismiss the Indictment based upon a violation of the Speedy Trial Act; (2) whether the thermal-imaging search warrant leading to the seizure of marijuana from their property was valid; and (3) whether their relevant conduct was accurately calculated for sentencing purposes. United States v. Henry, 538 F.3d 300, 303 (4th Cir. 2008).

The panel, considering only the argument regarding the Speedy Trial Act, reversed the District Court's orders denying the Henrys' motions to dismiss, vacated the Henrys' convictions and sentences, and remanded the case to the District Court for further proceedings. Id. at 306. Specifically, the Fourth Circuit determined that the 103-day continuance ordered by the District Court did not comply with the strict requirements for granting an ends-of-justice continuance pursuant to Zedner v. United States, 547 U.S. 489 (2006). Id. at 304-06. Accordingly, the continuance could not be "excluded from the Henrys' speedy trial clock, causing the total delay in the Henrys' case to exceed the seventy days allowed by the Speedy Trial Act." Id. at 306. The Fourth Circuit held that the Indictment must be dismissed, but left the decision as to whether such dismissal should be with or without prejudice to the District Court. Id. On remand, by Order entered September 9, 2008, the District Court dismissed the Indictment against the Henrys without prejudice. (Criminal Action No. 1:04-cr-82-1, Docket No. 180.)

C.     *Second Conviction and Sentence*

On October 7, 2008, the Grand Jury returned a three-count Indictment that included a forfeiture allegation against the Henrys. (Docket No. 1.) The Indictment mirrored the one returned in Criminal Action No. 1:04-cr-82.

On November 16, 2008, Kimberley Henry, by counsel, filed a Motion for Recusal of

6

Magistrate Judge, Motion to Suppress Evidence, and Motion to Suppress Evidence Based on Franks v. Delaware. (Docket Nos. 15, 16, 17.) The following day, Petitioner filed a Motion for Joinder, seeking leave to join in his wife's motions. (Docket No. 18.) The motion for joinder was granted by the undersigned on November 19, 2008. (Docket No. 20.) The Government filed responses to the motions on December 1, 2008. (Docket Nos. 22 and 23.)

On December 3, 2008, the parties appeared before the undersigned for a motions hearing. That same day, the undersigned entered an Order denying the Henrys' motion for recusal. (Docket No. 25.) The undersigned also entered an Order continuing hearing on the suppression motions until December 22, 2008. (Docket No. 26.) The suppression motions were heard on December 22, 2008, and then continued until January 23, 2009.

On February 23, 2009, the undersigned entered an R&R, recommending that both suppression motions be denied. (Docket No. 45.) The Government filed a response indicating that it had no objections to the R&R on February 26, 2009. (Docket No. 46.) Kimberley Henry filed objections (Docket No. 49); Petitioner moved to join in those objections on March 4, 2009 (Docket No. 51). On March 19, 2009, Judge Keeley held a hearing regarding the motions hearing and orally denied both motions. (Docket No. 64.) On March 20, 2009, Judge Keeley entered an Order that, *inter alia*, and opted the undersigned's R&R regarding the suppression motions. (Docket No. 66.)

On October 2, 2009, following a three-day jury trial, the Henrys were both convicted of Counts One and Two. (Docket Nos. 120 and 121.) On October 27, 2010, the Henrys were each sentenced to a term of sixty (60) months' imprisonment on each count, to run concurrently, to be followed by four (4) years of supervised release on each count, to run concurrently. (Docket Nos. 171 and 173.)

### D.  Second Direct Appeal

On November 23, 2010, Petitioner, through counsel, filed a notice of appeal. (Docket No. 176.) His appeal was consolidated with his wife's. The Henrys raised three issues on appeal:

> 1) whether a thermal-imagine search warrant that led to the seizure of marijuana on their property was valid; 2) whether the district court erred in excluding testimony that Edgar Henry used marijuana for medicinal purposes; and 3) whether the district court erred in determining that the Henrys were ineligible to receive 'safety valve' sentencing consideration under 18 U.S.C. § 3553(f).

United States v. Henry, 673 F.3d 285, 286 (4th Cir. 2012). The Fourth Circuit affirmed the Henrys' convictions and sentences. Id. On October 1, 2012, the Supreme Court denied their petition for a writ of certiorari. Henry v. United States, 133 S. Ct. 182 (2012).

### E.  Federal Habeas Corpus

#### 1.  Petitioner's Motion

In his motion, Petitioner raises the following claims:

1. Trial counsel was ineffective for:

    a. refusing to appeal the denial of Petitioner's motion for the undersigned to recuse himself from consideration of the motion to suppress the search warrant that he had issued; and

    b. failing to object to or appeal the District Court's decision to dismiss the first indictment without prejudice.

2. Petitioner's Sixth Amendment rights were violated when:

    a. the undersigned considered portions of the search warrant that included mention of Petitioner's attendance at public hearings or trials in unrelated federal marijuana cases; and

    b. the District Judge upheld the undersigned's recommendation regarding the motion to suppress.

3. The "good faith" exception should not have been applied to find that the

> investigating officer had not engaged in reckless disregard of the truth when applying for the search warrant.

4. The undersigned improperly permitted the Government's lead investigator to revise his previously sworn testimony after the suppression hearing.

(Docket No. 231 at 5-10.)

### 2. Government's Response

In its response, the Government asserts:

1. The Claims that Petitioner raises in Grounds Two through Four are procedurally defaulted because Petitioner should have raised them on direct appeal;

2. Petitioner's Sixth Amendment rights were never violated; and

3. Petitioner has not demonstrated that counsel was ineffective on both the trial and appellate levels.

(Docket No. 250 at 4-7.)

### 3. Petitioner's Reply

Petitioner reiterates the arguments raised in his § 2255 motion. (Docket No. 262.)

### III. ANALYSIS

#### A. *Ground Three is Barred on Collateral Attack*

As his third claim for relief, Petitioner asserts that the "good faith" exception for search warrants should not have been applied, because the "investigating officer had engaged in reckless disregard of the truth in his application for the search warrant." (Docket No. 231 at 8.) In response, the Government asserts that Petitioner may not relitigate this claim on collateral review because he raised it on direct appeal. (Docket No. 250 at 4.)

The Fourth Circuit has held that issues previously rejected on direct appeal may not be raised

by prisoners in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Linder, 561 F.3d 339, 343 (4th Cir. 2009) (noting that issues previously "raised and decided" on direct appeal cannot be relitigated on collateral review). In his motion, Petitioner admits that he raised this issue on direct appeal. (Docket No. 231 at 8.) Indeed, the Fourth Circuit reviewed Petitioner's claim on the merits and denied relief. Henry, 673 F.3d at 289-91. Accordingly, because Ground Three was previously "raised and decided" on direct appeal, it is barred from reconsideration on collateral review. Linder, 561 F.3d at 343.

### B. *Petitioner's Grounds Two and Four Are Procedurally Defaulted*

In his second claim for relief, Petitioner alleges that his Sixth Amendment rights were violated when the undersigned and the District Court considered portions of the search warrant that included mention of his wife's attendance at public hearings and/or trials in unrelated federal marijuana cases. According to Petitioner, inclusion of this information in the affidavit supporting the search warrant violated his right to attend public trials. (Docket No. 231 at 6.) In his fourth claim for relief, Petitioner asserts that the undersigned "improperly changed witness testimony following the suppression hearing." (Id. at 9.) Specifically, Petitioner alleges that after he and his wife presented evidence to show that the lead investigator's view of the Henrys' property was physically impossible from the vantage point he claimed to use, the undersigned improperly permitted the officer to revise his previously-sworn testimony. (Id. at 10.) The Government asserts that Petitioner's claims are procedurally defaulted because he failed to raise them on direct appeal. (Docket No. 250 at 4.)

It is well settled that the failure to raise non-constitutional issues on direct appeal results in their being deemed waived in a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79 (1947); United

10

States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989). This is so because "a final judgment commands respect" such that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

On the other hand, constitutional issues that were capable of being raised on direct appeal but were not may nevertheless be raised in a § 2255 motion "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (internal citations omitted). To establish cause, a movant must demonstrate "something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Actual prejudice is then shown by demonstrating that the error worked to a petitioner's "'actual and substantial disadvantage,'" rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To establish actual innocence, a petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (citations omitted) (internal quotation marks omitted). Usually, a petitioner "must demonstrate actual factual innocence of the offense of conviction;" "this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Mikalajunas, 186 F.3d at 494.

Petitioner asserts that his procedural default should be excused because of counsel's alleged ineffectiveness in raising the claims he now asserts. However, the Supreme Court has held that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Smith v. Murray, 477 U.S. 527, 535 (1986) (citation and internal quotation marks omitted). Accordingly, Petitioner

11

has failed to demonstrate cause for his procedural default. Furthermore, Petitioner has not proven, let alone even alleged, actual innocence to excuse his procedural default.

As to Petitioner's second claim for relief regarding the inclusion of his wife's attendance at public hearings and/or trials in unrelated federal marijuana cases, the undersigned notes that Petitioner did not specifically premise his argument regarding the invalidity of the search warrant on this particular issue on appeal. Nevertheless, he challenged the overall sufficiency of the application and affidavit submitted in support of the search warrant, and the Fourth Circuit analyzed all the information included in the application and affidavit, of which Mrs. Henry's "acute interest" in 2002 court proceedings involving another person from Gilmer County was one part. Henry, 673 F.3d at 289-91. The Fourth Circuit concluded that the affidavit "provided a sufficient basis to establish probable cause for issuance of the thermal-imagine search warrant" and that the District Court did not err in denying the Henrys' motions to suppress. Id. at 291.

Furthermore, Petitioner's claim does not implicate the Sixth Amendment at all. The Sixth Amendment provides, in relevant part, that "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Petitioner was never denied his right to his own public jury trial. As the Government correctly notes, there can be no constitutional right to secrecy in attending a public event, including another person's public court appearance. Accordingly, the undersigned finds that Petitioner's second claim for relief is barred.

Petitioner's fourth claim for relief is likewise barred. To the extent that he is attempting to relitigate his Fourth Amendment claim, he cannot do so. When a petitioner has had a "full and fair" opportunity to litigate a Fourth Amendment claim, habeas corpus relief may not be granted on such claim. Stone v. Powell, 428 U.S. 465, 494 (1976). Once a court has inquired as to whether the

petitioner had an opportunity to raise a Fourth Amendment claim, "it need not inquire further into the merits of the case . . . unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired." Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir. 1978).

This issue was specifically raised in the Henrys' motions for a Franks hearing in both criminal cases. (Criminal Action No. 1:04-cr-82, Docket Nos. 25 and 25; Criminal Action No. 1:08-cr-83, Docket No. 17.) The Court held motions hearings on the issue in both cases. (Criminal Action No. 1:04-cr-82, Docket No. 172; Criminal Action No. 1:08-cr-83, Docket Nos. 24, 32, 40, 192, 193, and 194.) Testimony was provided by proffer in the first criminal case. (Criminal Action No. 1:04-cr-82, Docket No. 172.) Live testimony was provided in the second case, during which Trooper Manning was vigorously cross-examined by the Henrys. (Criminal Action No. 1:08-cr-83, Docket Nos. 40 and 194.) The Henrys presented expert witness engineering testimony on the issue in the instant case. (Criminal Action No. 1:08-cr-83, Docket Nos. 32 and 192.) The undersigned issued R&Rs on the issue twice. (Criminal Action No. 1:04-cr-82, Docket No. 37; Criminal Action No. 1:08-cr-83, Docket No. 45.) The Henrys filed objections twice. (Criminal Action No. 1:04-cr-82, Docket No. 44; Criminal Action No. 1:08-cr-83, Docket No. 49.) Those R&Rs were affirmed and adopted by Judge Keeley. (Criminal Action No. 1:04-cr-82, Docket Nos. 40 and 45; Criminal Action No. 1:08-cr-83, Docket No. 66.) As noted before, the Henrys challenged the sufficiency of the affidavit and application on appeal, and the Fourth Circuit found no error. Henry, 673 F.3d at 289-91. Given the record, the undersigned finds that Petitioner's fourth claim for relief is barred, as Petitioner was given a "full and fair" opportunity to litigate his Fourth Amendment claim. See Stone, 428 U.S. at 494.

C.  *Petitioner Has Not Demonstrated Ineffective Assistance of Counsel in Ground One*

   1.  **Standard Governing Claims of Ineffective Assistance of Counsel**

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel. First, there are "personal" decisions that require consent from the defendant, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.'" Id. (quoting United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington v. Richter, 131 S. Ct. 770, 790 (2011) (citations and internal quotation marks omitted).

**2.      Counsel's Ineffectiveness For Not Appealing the Denial of the Motion to Recuse**

In his first claim for relief, Petitioner asserts that counsel "failed, despite repeated instructions from both defendants and strong grounds, to appeal the denial of the motion for Magistrate Judge Kaull to recuse himself from consideration of the motion to suppress the search warrant which he had issued." (Docket No. 231 at 5.) Petitioner further states, "The Magistrate had clearly stated his lack of impartiality when he described his role in the proceedings as 'the fox guarding the henhouse.'" (Id.) It is unclear whether Petitioner is asserting whether attorney Charles Berry, who represented him at trial and on appeal, was ineffective at the trial level for not filing an interlocutory

15

appeal, or at the appellate level for failing to raise the denial as a grounds for appeal. However, since *pro se* filings are to be liberally construed, the undersigned will consider both possible claims. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

As an initial matter, this claim is insufficiently pled. "Habeas petitions must meet heightened pleading requirements . . . ." See McFarland v. Scott, 512 U.S. 849, 856 (1994). Accordingly, a petitioner must present evidence that his claims have merit. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recognized by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Here, Petitioner has not provided any factual support for this claim; accordingly, Petitioner has failed to meet his burden under § 2255.

The Henrys filed their motion to recuse the undersigned on November 16, 2008 (Docket Nos. 15 and 18); the Government responded on December 1, 2008 (Docket No. 22). A hearing was held on December 3, 2008. That same day, the undersigned entered an Order denying the motion to recuse. That Order stated in pertinent part:

> Defendant['] sole basis for seeking recusal is that the undersigned reviewed the affidavit and application for the search warrant in question and approved and issued the same; thereafter was called upon to review and did review the same during the 2005 suppression hearing and therein upheld the validity of the search warrant and refused to suppress the evidence; and therefore, an appearance of impropriety in violation of § 455(a) is created by the undersigned again being called upon to review the application, affidavit and search warrant pursuant to the instant suppression motion.
>
> The Court finds Defendants' reasoning flawed; at odds with existing circuit court law from other circuits; without any on point support from any case decision by the Fourth Circuit Court of Appeals; and without any factual support.

(Docket No. 25 at 5-6.)

Several courts have held that a judge need not disqualify himself or herself for having some

16

familiarity with a case from authorizing search warrants. See, e.g., United States v. Helton, 314 F.3d 812 (6th Cir. 2003) (upholding magistrate judge's decision not to recuse himself merely because he had issued the challenged search warrant); United States v. Guthrie, 184 F. App'x 804 (10th Cir. 2006) (same); United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (same). Given this, "[c]ounsel [was] not required to waste the court's time pursuing frivolous legal motions." Wheeler v. United States, Nos. 3:10cv13, 3:07cr70-3, 2011 WL 2491376, at *15 (N.D. W. Va. Apr. 25, 2011) (Seibert, Mag. J.). Accordingly, the undersigned cannot find that counsel acted unreasonably for not pursuing an interlocutory appeal.

The right to effective assistance of counsel extends to a defendant's first appeal as of right. Evitts v. Lucey, 469 U.S. 387, 396-97 (1985). The standard for appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000). On collateral review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal." Bell, 236 F.3d at 164; see also Jones v. Barnes, 463 U.S. 745, 751 (1983). Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones, 463 U.S. at 752. "Indeed, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." Bell, 236 F.3d at 164. Although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally only when ignored issues are clearly stronger than

17

those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

Given that counsel was not ineffective for failing to file an interlocutory appeal of the motion to recuse, it must follow that any claim by Petitioner that counsel was ineffective for not raising the issue as grounds for appeal must fail as well. Since Petitioner's argument was at odds with case law, it is apparent that counsel "winnow[ed] out weaker arguments on appeal and focus[ed] on those more likely to prevail." Bell, 236 F.3d at 164. This is not a situation where the alleged ignored issue is clearly stronger than those presented for appellate review, sufficient to overcome the presumption of effective assistance of appellate counsel.

### 3. Counsel's Ineffectiveness For Failing to Object to or Appeal the Court's Decision to Dismiss the First Indictment Without Prejudice

As part of his first claim for relief, Petitioner also alleges that counsel was ineffective for failing "to object to or appeal the district court's decision to dismiss the first indictment without prejudice following granting of the first appeal by the Fourth Circuit." (Docket No. 231 at 5.) As an initial matter, this claim is insufficiently pled. See Nickerson, 971 F.2d at 1136. Petitioner has not provided any factual support for this claim; accordingly, Petitioner has failed to meet his burden under § 2255.

Even if Petitioner had provided support for this claim, it still fails. The remedy for a violation of the Speedy Trial Act is dismissal of the indictment. See 18 U.S.C. § 3162(a). When the dismissal is without prejudice, the Government is free to re-indict. See United States v. Gambino, 59 F.3d 353, 363 (2d Cir. 1995). 18 U.S.C. § 3162(a) states in pertinent part:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense;

18

the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

In her September 9, 2008, Order dismissing the first Indictment without prejudice, Judge Keeley stated:

> Pursuant to the Fourth Circuit's direction to this Court to determine in the first instance whether dismissal of the indictment should be with or without prejudice, and having considered the factors under 18 U.S.C. § 3162(a)(1), the Court **DISMISSES WITHOUT PREJUDICE** the Indictment in this case.

(Criminal Action No. 1:04-cr-82, Docket No. 180.) Accordingly, the Government was free to re-indict the Henrys if it so chose. Upon consideration of the factors set forth above, the record shows that the Henrys' offense was serious, involving relevant conduct found to be 1,248 marijuana plants, or 124.8 kilograms of marijuana. (Docket No. 159 at 1.) Under Zedner, violation of the Speedy Trial Act required dismissal of the Indictment. Furthermore, much, if not all, of the evidence against the Henrys had already been provided during the first criminal case. Given this, counsel had no basis for objecting to the Court's order dismissing the first Indictment without prejudice.

Furthermore, to the extent that Petitioner claims that counsel failed to appeal the Court's dismissal Order to the Fourth Circuit, his claim likewise fails. "[R]eviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" Bell, 236 F.3d at 164 (quoting Pruett, 996 F.2d at 1568). Given that counsel had no meritorious basis for objecting to the dismissal order, the undersigned finds that counsel did not act unreasonably by not appealing the dismissal order to the Fourth Circuit.

## IV.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 1:13-cv-217, Docket No. 1; Criminal Action No. 1:08-cr-83-1, Docket No. 219) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation by certified mail, return receipt requested, to the *pro se* Petitioner Edgar Henry.

DATED: November 21st, 2014

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE